# CIRCUIT COURT OF ROCKINGHAM COUNTY

John S. Zimmerman

v.

Daniel W. Brubaker et al.

May 2, 2001

Case No. CH99-17452

BY JUDGE JOHN J. MCGRATH, JR.

This particular action was filed by Plaintiff *pro se* on August 11, 1999, as an action in chancery styled "Civil Liberties Motion," which rehashed the details of a right-of-way dispute which has been in litigation since 1985. Pleas in Bar were filed by Defendants asserting res judicata and collateral estoppel based on the following prior decisions relating to the same parties and the same disputed right-of-way.

(1) Final Orders of the United States Court of Appeals for the Fourth Circuit dated August 7, 1996 (Docket Number 96-1450), and the United States District Court for the Western District of Virginia, Harrisonburg Division, dated January 9, 1996, and August 15, 1995, in the action therein pending under the style of *John S. Zimmerman v. Daniel W. Brubaker et al.* (Docket Number 95-0039-H).

(2) Final Decree dated April 30, 1991, entered by the Circuit Court of Rockingham County, Virginia, in the chancery cause therein pending under the style of *Daniel W. Brubaker et al. v. John S. Zimmerman* (Chancery Docket Number 12748).

(3) Decree dated October 18, 1990, entered by the Circuit Court of Rockingham County, Virginia, in the chancery cause therein pending under the style of *Daniel W. Brubaker et al. v. John S. Zimmerman et al.* (Chancery Docket Number 12748).

(4) Order dated January 18, 1990, entered by the Circuit Court of Rockingham County, Virginia, in the chancery cause therein pending under

the style of *Daniel W. Brubaker et al. v. John S. Zimmerman et al.* (Chancery Docket Number 12748).

(5) Order dated December 18, 1989, entered by the Circuit Court of Rockingham County, Virginia, in the chancery cause therein pending under the style of *Daniel W. Brubaker et al. John S. Zimmerman et al.* (Chancery Docket Number 12748).

(6) Decree dated March 17, 1998, entered by the Circuit Court of Rockingham County, Virginia, in the chancery cause therein pending under the style of *John S. Zimmerman et al. v. Daniel W. Brubaker et al.* (Chancery Docket Number 11416).

On September 28, 1999, this Court after noting that the Plaintiff desperately needed legal counsel to assist him in framing his pleadings, sustained the demurrers and the Plea in Bar "to the extent the . . . complaint seeks to re-litigate any matters resolved by the eight (8) prior orders or decrees" previously entered. The Court also ordered the Plaintiff to file a Bill of Particulars. The Plaintiff complied with that Order on October 6, 1999.

The matter then lay dormant until August 21, 2000, when the Plaintiff's newly retained counsel filed a Motion noting his appearance for Plaintiff and requesting leave to file amended pleadings. The Motion was granted and Plaintiff's counsel filed an Amended Bill of Complaint on September 12, 2000. The Amended Bill of Complaint alleged, *inter alia*:

(1) That Plaintiff has a twelve-foot easement across Defendant's land which easement was laid off in a Decree of this Court on April 30, 1991;

(2) That since May 1, 1991, the Defendant had interfered in various ways with the designated right-of-way; and

(3) That Plaintiff is entitled to damages of $75,000.00 and a permanent injunction restraining Defendant from interfering in the future with Plaintiff's right-of-way.

In the past, litigation between this Plaintiff and these Defendants has established by various Orders that:

1. Plaintiff has a twelve-foot wide easement across Defendants' land. (Order dated March 17, 1988.)

2. Plaintiff's easement "is limited in scope to normal farm or residential use for not more than one single family dwelling, exercised in such a manner as not to interfere significantly with the Defendants . . . farming operation." (Order dated March 17, 1988.)

3. That Plaintiff has been prohibited from grading or graveling the right-of-way. (Order dated October, 18, 1990.)

4. That Defendants were "enjoined . . . from interfering with the free and dominant use of said easement by Plaintiffs and are required to remove any

and all permanent obstructions across the right-of-way...." (Order of Rockingham County Circuit Court dated March 17, 1988.)

With the Motion to Amend, the Plaintiff proffered that since May 1, 1991, the Defendants have allegedly planted full standing corn crops across the right-of-way easement which was platted pursuant to the Court's Order dated April 30, 1991. Plaintiff further alleges that since May 1, 1991, in addition to planting standing crops across the right-of-way, the Defendants have also placed various obstructions, such as prefabricated metal sheeting, pallets, trailers, etc.

Interference with a right-of-way is like trespass, *i.e.*, each time an interference or trespass occurs, it gives rise to a new cause of action. *See Hampton Roads Sanitation Dist. v. McDonnell*, 234 Va. 235, 239, 360 S.E.2d 841 (1987) (citing *Norfolk & W. R. Co. v. Allen*, 118 Va. 428, 432-33, 87 S.E. 558, 560 (1916), *aff'd on rehearing*, 118 Va. 428, 87 S.E. 558 (1915) (citations omitted)). Each alleged interference, if proven, gives the right to seek damages and for injunctive relief which is limited by the statute of limitations to the damages sustained during the five years immediately preceding the institution of the suit. *See Id.* at 239 (citing *Norfolk & W. R. Co. v. Allen*, 118 Va. 428, 432-33, 87 S.E. 558, 560 (1916), *aff'd on rehearing*, 118 Va. 428, 87 S.E. 558 (1915) (citations omitted)).

Therefore, the fact that various alleged interferences were previously litigated and the Plaintiff did not meet his burden of proof that he was damaged by alleged prior interferences does not mean he cannot recover on new alleged interferences.

The fact that Defendant has a right to farm the servient estate does not mean that crops can be planted on the right-of-way or that Defendants may otherwise physically interfere with the judicially determined right-of-way. *See e.g., Starkweather v. Bullock*, 32 Va. Cir. 120 (Caroline County 1993) (Ledbetter, J.).

Therefore, it is ordered that the Defendants' Plea in Bar is denied insofar as it applied to Plaintiff's claim for damages and injunctive relief arising after May 1, 1991 (and consistent with the applicable Statute of Limitations) for alleged interference with his right-of-way as defined and restricted in previous Orders of this Court.

The Clerk is directed to send attested copies of this Opinion and Order to Dabney Overton, Jr., Esquire, Counsel for the Complainant, and Timothy E. Cupp, Esquire, Counsel for the Respondents.